IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:11CR3086 |
| vs. | |
| RUBEN CARRILLO-CASTELLON, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Castellon's *pro se* motion for return of property (filing 109). Castellon alleges that the United States is in possession of certain property belonging to him and seeks its return pursuant to Fed. R. Crim. P. 41(g). As the Court will explain, the United States does not have Castellon's property, and his motion will be denied.

Previously, Castellon pled guilty to conspiring to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See* filings 1, 43, 44, 45, 48, and 51. On February 2, 2012, Senior Judge Richard G. Kopf entered judgment, sentencing Castellon to 87 months' imprisonment.

Castellon alleges only that when he was arrested, "the government" seized $770.00 and a 1995 Sierra GMC that belonged to him. Filing 109 at ¶¶ 3–4. The United States has filed an affidavit from William Snoad, an investigator with the Lincoln Police Department (LPD) of Lincoln, Nebraska. Filing 113-1. According to Snoad, on March 30, 2011, the Lincoln Police Department seized a 1995 GMC pickup truck and $ 772.00 in cash from Castellon. Filing 113-1 at pp. 1–3. No federal agency was involved in this seizure. Filing 113-1 at ¶ 5. According to the LPD's records, both items are still in possession of the LPD, neither item has ever left the LPD's property room, and neither item was ever in possession of any federal agency. Filing 113-1 at ¶ 5. The Court gave Castellon an opportunity to respond to the United States' evidence and he has failed to do so.

A criminal defendant seeking the return of property bears the burden of establishing lawful entitlement to the property. *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008). This burden is often satisfied by showing that the property was seized from the defendant's possession, as a person from whom property is seized is presumed to have a right to its return. *Id.*

The government must then establish a legitimate reason to retain the property, e.g., by showing a cognizable claim of ownership or right of possession adverse to the defendant's. *Id.* at 397. Additionally, a Rule 41(g) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues. *Id.*

Assuming for the sake of argument that Castellon is entitled to return of the money and vehicle seized, the United States has shown that it does not possess either. The United States cannot return property that it does not have. *United States v. White,* 718 F.2d 260, 261 (8th Cir. 1983). Accordingly,

IT IS ORDERED:

1. Castellon's motion for return of property (filing 109) is denied; and

2. The Clerk's Office is directed to mail a copy of this order to Castellon at his last known address.

Dated this 4th day of October, 2012.

BY THE COURT:

John M. Gerrard
United States District Judge